IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KASSANDRA NIEVES, Individually
and as Personal Representative
of the Estate of Juan Nieves, and
His Surviving Heirs and Dependents                                    PLAINTIFF

v.                              No. 3:15CV00350 JLH

COOPER MARINE & TIMBERLANDS CORPORATION;
LOGISTIC SERVICES, INC.; STEEL DYNAMICS
COLUMBUS, LLC; KINDER MORGAN BULK
TERMINALS, INC.; and KINDER MORGAN
MARINE SERVICES, LLC                                                  DEFENDANTS

## OPINION AND ORDER

Kinder Morgan Bulk Terminals, Inc., previously filed a motion for summary judgment, arguing that it was a borrowing employer of Nieves and therefore entitled to immunity from liability under section 905(a) of the Longshore and Harbor Workers' Compensation Act. Document #84. The Court denied that motion. Document #104. Kinder Morgan now moves for reconsideration of that motion. The motion is denied.

The relevant facts have been adequately set forth in the Court's prior opinions and will not be repeated. *See* Documents #104 and #175. The Court adds only that Kinder Morgan now contends that new evidence has surfaced that is sufficient to warrant a reversal of the Court's previous ruling. This new evidence consists of time sheets reflecting that Nieves worked on the "coil dock" for three years leading up to the accident and an affidavit from Clifton Luttrull testifying that the time sheets reflected reality.

The Court held in its first opinion that it could not say as a matter of law that Kinder Morgan was a borrowing employer in part because the contract that memorialized the agreement between

Kinder Morgan and Nieves's payroll employer, Temps Plus, Inc., expressly provided that Kinder Morgan was not Nieves's employer. Moreover, Kinder Morgan required Nieves to sign documents acknowledging that he was not an employee of Kinder Morgan. Document #104 at 11-12. As the Court has previously stated, that Kinder Morgan contractually agreed that it was not Nieves's employer makes it difficult to say that there is no evidence to that effect. *See West v. Kerr-McGee Corp.*, 765 F.2d 526, 531 (5th Cir. 1985) (reversing grant of summary judgment where alleged borrowing employer signed a contract expressly rejecting the designation of worker as an employee "for any purpose"); *Alday v. Patterson Truck Line, Inc.*, 750 F.2d 375, 378 (5th Cir. 1985) (holding that similar contractual provisions raised an issue of fact as to worker's status as an alleged borrowed employee that precluded summary judgment).

Kinder Morgan attempts to avoid this conclusion by citing two Fifth Circuit cases decided subsequent to *West* and *Alday*. *See Melancon v. Amoco Prod. Co.*, 834 F.2d 1234, 1245 (5th Cir.) *amended on reh'g in part*, 841 F.2d 572 (5th Cir. 1998); *Billizon v. Connoco, Inc.*, 993 F.2d 104 (5th Cir. 1996). In *Melancon*, the court distinguished *Alday* and *West* on the ground that those cases were decided at the summary judgment stage, whereas *Melancon* was decided after a full trial. 834 F.2d at 1245 n.13. While *Billizon* was decided at the summary judgment stage, the only factor weighing against finding that the worker was a borrowed employee was the existence of a contract stating that he would not be deemed an employee; the remaining factors clearly pointed to borrowed-employee status. 993 F.2d at 106. Seven of the nine *Ruiz* factors supported finding that the worker was a borrowed employee and one was neutral. *Id*. This Court, in its initial opinion on the borrowed employee issue, thoroughly considered the *Ruiz* factors and held that some of them pointed in favor

of finding a borrowed-servant relationship while others did not. *See* Document #104 at 10-14. *Billizon*, therefore, is not on point.

Kinder Morgan is correct to say that the contract, alone, is insufficient to avoid a finding that Nieves was its borrowed employee. The Court has never said to the contrary. Nonetheless, that Kinder Morgan contractually agreed that Nieves was not its employee makes it difficult for Kinder Morgan to argue that there is no genuine dispute of material fact and that Nieves was its borrowed employee as a matter of law. The other *Ruiz* factors are sufficiently in dispute to render this case governed, at the summary judgment stage, by *West* and *Alday* rather than by *Melancon* or *Billizon*.

Among the reasons for this Court's prior ruling was a lack of evidence demonstrating that Nieves acquiesced in his assignment as a stevedore. Document #104 at 12-13. Kinder Morgan argues that its newly offered evidence demonstrates that Nieves acquiesced in his work assignment.

Nieves initially was sent to Kinder Morgan to work as a cutting torch operator. His original assignment as a cutting torch operator did not entail maritime work and therefore did not satisfy the "status" test under the Longshore Act. *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 424-25, 105 S. Ct. 1421, 1422-28, 84 L. Ed. 2d 406 (1985) (holding that the Longshore Act requires satisfaction of both a "situs" and "status" test and explaining that "not everyone on a covered situs automatically satisfies the status test"). The status test is "an occupational test that focuses on loading and unloading." *Id*. at 424, 105 S. Ct. at 1427 (quoting *P.C. Pfeiffer v. Ford*, 444 U.S. 69, 80, 100 S. Ct. 328, 336, 62 L. Ed. 2d 225 (1979)). Nieves was injured while unloading steel coils from a barge on the Mississippi River, which meets both the status and situs tests. If Nieves had unloaded barges for three years, the Court would be warranted in finding that he had acquiesced in that work assignment before the accident that resulted in his death. *See Brown v. Union Oil Co. of Calif.*, 984 F.2d 674,

3

678 (5th Cir. 1993). That he had worked on the "coil dock" for three years does not, however, establish that he had been unloading barges for that period. Evidence showing that Nieves worked on the coil dock tells us where he was working, not what he was doing; it goes to situs, not his status. Proximity to the water is insufficient to confer coverage under the Longshore Act. *Herb's Welding*, 470 U.S. at 425-26, 105 S. Ct. at 1428. The new evidence establishes how long Nieves had worked on the coil dock—near the water—but not how long Nieves had been loading and unloading barges—which is the critical issue with respect to acquiescence. The new evidence, therefore, is insufficient to show that Nieves acquiesced in the work he was performing on the date of his death.

The renewed motion for summary judgment is DENIED. Document #160.

IT IS SO ORDERED this 31st day of July, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE