**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

KASSANDRA NIEVES, Individually and as                                                                PLAINTIFF
Personal Representative of the Estate of Juan Nieves
and his Surviving Heirs and Dependents

v.                                             NO. 3:15CV00350 JLH

COOPER MARINE & TIMBERLANDS
CORPORATION, *et al*.                                                                                        DEFENDANTS

**OPINION AND ORDER**

Cooper Marine & Timberlands Corporation has moved for partial summary judgment on its cross-claim against Steel Dynamics Columbus, LLC, for breach of contract and contractual indemnity. That cross-claim is based upon a freight agreement. Cooper Marine's motion is based on the following terms of that freight agreement:

> Purchaser [SDI] warrants that it and/or its assignee will inspect each barge that is placed for loading and will not commence loading until satisfied that the barge is in a clean and seaworthy condition fit to receive cargo (Paragraph 1).
>
> Purchaser [SDI] warrants that it and/or its assignee [LSI] are solely responsible for loading cargo, and will do so in a safe, expeditious and workmanlike manner so as not to cause damage to the barge, cargo or other property, or injury or death, or violation of any law (Paragraph 1).
>
> Purchaser [SDI] and consignee [IPSCO] warrant that they and/or their assignee [KMBT] are solely responsible for unloading cargo at destination and will do so in a safe, expeditious and workmanlike manner so as not to cause damage to the barge, cargo or other property, or injury or death, or violation of any law (Paragraph 11).
>
> Purchaser [SDI] has agreed to be bound by all the terms of this contract, whether signed by Purchaser or not. If Purchaser or consignee shall breach any warranty contained herein, the breaching party agrees to hold harmless and fully indemnify and defend Seller [Cooper Marine] for any loss, damage or additional expense resulting therefrom (Paragraph 12).

Document #387 at 3. In its opening brief, Cooper Marine summarized the evidence of fault committed by each of the other parties in this action. Document #388 at 14-20. In its conclusion,

it focused on the warranty by Steel Dynamics that the work would be done in a workmanlike manner. *Id*. at 21. Steel Dynamics responded by arguing that genuine issues of material facts exist as to who was at fault and in what manner. Document #404. In its reply, Cooper Marine says that it erred in its opening brief by focusing on Steel Dynamics' express warranty of workmanlike performance to the exclusion of Steel Dynamics' "express warranty that it was **solely responsible** for loading and unloading the steel coils." Document #424 at 4-5 (bold in the original). Cooper Marine then argued that each of the relevant paragraphs of the freight agreement includes two warranties, one that Cooper Marine was solely responsible for loading and unloading the steel coils, and as a second warranty, that the work would be done in a safe, expeditious, and workmanlike manner. Cooper Marine seems to contend in its reply that it is entitled to summary judgment based on the first of these two warranties. At this point, the Court is not persuaded that these provisions of the freight agreement contain two warranties rather than one.

Cooper Marine's motion for summary judgment based on breach of contract and contractual indemnity is denied for two reasons. First, Cooper Marine is moving for summary judgment on issues on which it has the burden of proof. As the late, great Richard S. Arnold, writing on behalf of the Eighth Circuit, has said, "Summary judgments in favor of parties who have the burden of proof are rare, and rightly so." *Turner v. Ferguson*, 149 F.3d 821, 824 (8th Cir. 1998). More colloquially, and with a bit of hyperbole, Judge Marshall of this district has said, "Summary judgments for a party with the burden of proof are rare as hen's teeth." *Kennedy v. Hobbs*, No. 5:14CV00095-DPM-HDY, 2014 WL 4700090 (E.D. Ark. Sept. 19, 2014). Second, assuming, without deciding, that each of the relevant paragraphs of the freight agreement is intended to warrant that Steel Dynamics or its assignee would load and unload the cargo in a safe, expeditious and

2

workmanlike manner, Cooper Marine's motion necessarily raises the issue of who was at fault—an issue that will have to be tried to the Court regardless of the Court's ruling on Cooper Marine's motion. When a motion for summary judgment raises issues that will be tried at a bench trial regardless of the disposition of the motion, prudence suggests that the motion should be denied and a ruling on the issues raised in the motion addressed after the record has been fully developed at trial. *See Roberts v. Browning*, 610 F.2d 528, 536 (8th Cir. 1979) ("However, even if a district judge feels that summary judgment in a given case is technically proper, sound judicial policy and the proper exercise of judicial discretion may prompt him to Deny the motion and permit the case to be developed fully at trial. The ultimate legal rights of the movant can always be protected in the course of or even after trial."); *Andrew v. Clark*, 561 F.3d 261, 271 (4th Cir. 2009); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2728, pp. 525-26 (1998) (collecting cases). This discretion is warranted here. *See Taylor v. Rederi A/S Volo*, 374 F.2d 545, 549 (3d Cir. 1967) ("It is further settled that the trial court may exercise its discretion in denying summary judgment where a part of an action may be ripe for summary judgment but it is intertwined with another claim that must be tried.").

The motion is DENIED. Document #386.

IT IS SO ORDERED this 20th day of February, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE