# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

KASSANDRA NIEVES, Individually and as  PLAINTIFF
Personal Representative of the Estate of Juan Nieves
and his Surviving Heirs and Dependents

v.                              NO. 3:15CV00350 JLH

COOPER MARINE & TIMBERLANDS
CORPORATION, *et al*.                              DEFENDANTS

## OPINION AND ORDER

The facts and procedural history of this case have been set out in prior orders, so they need not be presented again here. *See, e.g.*, Document #104; Document #240; Document #431. This Opinion and Order addresses a cross-claim filed by Logistic Services, Inc., against Steel Dynamics Columbus, LLC, based on provisions in a marine terminal operator schedule to which Logistic Services subscribed. The schedule is a statutory creature. *See* 46 U.S.C. § 40501(f). Steel Dynamics has moved for summary judgment, arguing that the statute does not apply here.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The marine terminal operator schedule contained an indemnity provision and liability insurance provision. *See* Document #391-1 at 29, 31. Logistic Services argues that these provisions govern its relationship with Steel Dynamics. Logistic Services does not contend that Steel

Dynamics agreed to these terms explicitly and acknowledges that Steel Dynamics may not have even known of the schedule. It argues that the statute, however, provides for constructive notice and makes a schedule enforceable as an implied contract if it has been publicly posted. Logistic Services also acknowledges that the statute only applies if it is a "marine terminal operator." A marine terminal operator is "a person engaged in the United States in the business of providing wharfage, dock, warehouse, or other terminal facilities in connection with a common carrier." 46 U.S.C. § 40102(14). Whether Logistic Services meets this definition depends on whether Cooper Marine & Timberlands Corporation is a "common carrier" within the meaning of the statute.

> The statute defines "common carrier" as a person that:
>
> (i) holds itself out to the general public to provide transportation by water of passengers or cargo between the United States and a foreign country for compensation;
>
> (ii) assumes responsibility for the transportation from the port or point of receipt to the port or point of destination; and
>
> (iii) uses, for all or part of that transportation, a vessel operating on the high seas or the Great Lakes between a port in the United States and a port in a foreign country.

46 U.S.C. § 40102(6)(A). Logistic Services argues that Steel Dynamics' motion should be denied because it "has produced no evidence in this case that . . . the ultimate destinations of the products manufactured by [Steel Dynamics], handled by [Logistic Services], and transported by Cooper Marine do not include overseas and South American Ports." Document #393 at 5. It then concludes that a genuine dispute of material facts exists as to "whether Cooper Marine is a common carrier within the meaning of the Shipping Act." *Id.* at 9.

As the moving party, Steel Dynamics bears the initial burden to show this Court that there is an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). It may discharge this burden by pointing to an absence

of record evidence needed to prove a material fact. Fed. R. Civ. P. 56(c). The burden then shifts to Logistic Services to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citation omitted). It "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S. Ct. at 1356. Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552.

Steel Dynamics says that Logistic Services has failed to establish a genuine dispute as to whether Cooper Marine is "common carrier." Steel Dynamics argues that there is no record evidence showing that Cooper Marine engages in ocean transportation. Logistic Services responds with a printout from Cooper Marine's website, describing Cooper Marine's operations. *See* Document #393-3. The website says that Cooper Marine is headquartered in Mobile, Alabama, and is "in the business of providing timber products to numerous wood consuming industries in the Southeast U.S., marine transportation along the Tennessee-Tombigbee River and Gulf Intracoastal Waterway, and stevedoring services in the Port of Mobile." *Id.* at 1. It goes on to say that Cooper Marine has "a fleet of 15 push boats" and "more than 200 barges" that "work the Tennessee-Tombigbee River system as well as the Gulf Intracoastal Waterway from Houston, Texas to Panama City, Florida." *Id.* Cooper Marine's stevedoring operations "include two port terminals berthing ocean-going vessels for loading and unloading a wide variety of products." *Id*. at 2. Logistic Services offers no other evidence of Cooper Marine's status as a common carrier.

That Cooper Marine is a common carrier is an essential element of Logistic Services' claim against Steel Dynamics. Logistic Services ultimately bears the burden of showing that Cooper

3

Marine is a common carrier, which requires evidence that Cooper Marine "uses, for all or part of that transportation, a vessel operating on the high seas or the Great Lakes *between a port in the United States and a port in a foreign country*." 46 U.S.C. § 40102(6)(A)(iii) (emphasis added). The printout does not say that Cooper Marine uses its vessels between ports in the United States and ports in other countries. Logistic Services has offered no other evidence to show that a genuine dispute of material fact exists that would allow the factfinder to find that Cooper Marine was a common carrier. Discovery has closed and Logistic Services is unable to present evidence to prove an essential element of its claim. *See Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

For the foregoing reasons, Steel Dynamics' motion for summary judgment is GRANTED. Document #361.

IT IS SO ORDERED this 20th day of February, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE