IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KASSANDRA NIEVES, Individually and as                                                          PLAINTIFF
Personal Representative of the Estate of Juan Nieves
and his Surviving Heirs and Dependents

v.                                    NO. 3:15CV00350 JLH

COOPER MARINE & TIMBERLANDS
CORPORATION, *et al*.                                                                        DEFENDANTS

## OPINION AND ORDER

Steel Dynamics Columbus, LLC, has moved for partial summary judgment on Cooper Marine & Timberlands Corporation's cross-claim for attorneys' fees and expenses incurred in establishing its right to indemnity. Cooper Marine's claim is based on a contract of affreightment between itself and Steel Dynamics, in which Steel Dynamics agreed "to hold harmless and fully indemnify and defend [Cooper Marine] for any loss, damage, or additional expense resulting therefrom." Document #414-1, ¶12.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Steel Dynamics argues that although the indemnity provision requires it to pay Cooper Marine's litigation expenses in defending against the plaintiff's claims, the provision does not require it to cover Cooper Marine's litigation expenses in establishing its right to indemnity asserted

in its cross-claims. Cooper Marine argues that the cases on which Steel Dynamics rely contain different indemnity provisions and so "are not helpful to the Court." Document #414 at 11. It, instead, maintains that equitable principles should guide this Court in its determination.

It is well-established that this is a maritime matter. "The interpretation of an admiralty indemnity contract is governed by federal maritime law." 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5-21 (5th ed. 2011). The Eighth Circuit has said that under maritime law, "[a] contract of indemnity includes the obligation to pay the costs and attorneys fees of the indemnitee against the third party, but not the right to costs and fees in connection with establishing the right to indemnification unless expressly stated." *In re Fitzgerald Marine & Repair, Inc.*, 619 F.3d 851, 864 (8th Cir. 2010) (quoting Schoenbaum, at § 5-21). For attorneys' fees incurred in establishing a right to indemnity to be recoverable, the indemnity provision must expressly provide for their recovery. *Id.* at 864-65; *see also Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322, 1328 (9th Cir. 1981) ("The general rule is that attorneys' fees are not awarded in an action to establish a right of indemnity. However, attorneys' fees are recoverable in an action to establish a right of indemnity, where the agreement so provides." (citation omitted)); *E. C. Ernst, Inc. v. Manhattan Const. Co. of Texas*, 551 F.2d 1026, 1037 (5th Cir.), *opinion modified on reh'g*, 559 F.2d 268 (5th Cir. 1977) (limiting "the recovery of attorney's fees to the subject matter of the indemnity agreement and exclud[ing] fees expended in suing the indemnitor in order to recover under the agreement").

Cooper Marine's argument that *Fitzgerald* does not apply because the indemnity provision at issue there differs from the indemnity provision here is unpersuasive. *Fitzgerald* first set forth the principle, or "general rule," that attorneys' fees incurred in establishing a right to indemnity are

recoverable only where an indemnity provision expressly provides for their recovery. It then applied that principle to the specific provision before it. This Court is bound to do likewise. Because there is no express provision allowing for the recovery of attorneys' fees incurred in establishing the right to indemnity, Steel Dynamics is not obligated to cover those expenses.

For the foregoing reasons, Steel Dynamics' motion for summary judgment is GRANTED. Document #364.

IT IS SO ORDERED this 21st day of February, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE